UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22995-CIV-WILLIAMS/SIMONTON

FRANCISCO JAVIER HERNANDEZ
MESA,

    Plaintiff,
v.
LUIS GARCIA LAND SERVICE,
CO., and LUIS E. GARCIA,

    Defendants.
_____/

## ORDER GRANTING MOTION TO EXTEND PRETRIAL DATES AND SETTING PRETRIAL AND TRIAL DATES AND ESTABLISHING PRETRIAL PROCEDURES

This matter is before the Court on the Parties' Joint Motion for Clarification of Deadlines and Extension of Pretrial Stipulation and Jury Instruction Deadline if necessary, ECF No. [69], and following a telephonic and scheduling conference, ECF No. [68]. The Honorable Kathleen M. Williams, the United States District Judge assigned to the case, has referred to the undersigned all further proceedings in this case, including trial and entry of a final judgment based on the parties' Consent to Jurisdiction by a United States Magistrate Judge For Final Disposition, ECF No [63].

The Joint Motion for Clarification of Deadlines and Extension of Pretrial Stipulation and Jury Instruction Deadline, ECF No. [69], is **GRANTED** and the pretrial deadlines in this case, as discussed at the scheduling conference and modified pursuant to the Parties' request to extend certain deadlines, are set forth below. Counsel shall carefully review and comply with the following requirements concerning the pretrial conference.

### Pretrial Conference

1. The pretrial conference is set pursuant to Fed.R.Civ. P. 16 for **Tuesday, January 10, 2017 at 10:00 a.m.** Unless instructed otherwise by subsequent order,

the trial and all other proceedings shall be conducted at the James Lawrence King Federal Justice Building, 99 N.E. 4th Street, Courtroom 6, Tenth Floor, Miami, Florida 33132.  Pursuant to S.D.Fla.L.R. 16.1(c), each party shall be represented at the pretrial conference and at the meeting required by S.D.Fla.L.R. 16.1(d) by the attorney who will conduct the trial, except for good cause shown. Joint Proposed Jury Instructions and Verdict Forms shall be electronically filed with the Court in the format specified in the Time Schedule set forth below.

2. A <u>jury</u> trial is specially set to commence on Monday, January 30, 2017, at 9:00 a.m., and is estimated to take two to three days.

Pretrial Schedule and Pretrial Stipulation

3. All counsel shall comply with S.D.Fla.L.R. 16.1(d) regarding the preparation of the joint Pretrial Statement.  Not later than 14 days prior to the due date of the joint pretrial stipulation, lead counsel shall meet at a mutually convenient location and accomplish the matters set forth in S.D.Fla.L.R. 16.1(d) (1) through (5), and prepare a joint pretrial stipulation in compliance with S.D.Fla.L.R. 16.1(e).  The Court will not accept unilateral pretrial stipulations, and will strike <u>sua sponte</u>, any such submissions.  Should any of the parties fail to cooperate in the preparation of the joint stipulation, all other parties shall file a certification with the court stating the circumstances.  Upon receipt of such certification, the court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) should not be held

in contempt, and sanctions be imposed, for failure to comply with the Court's order.

4. The joint pretrial stipulation and the pretrial conference is of critical importance to the Court. Counsel are expected to do everything reasonably possible to prepare the joint pretrial statement in good faith with the goal in mind to shorten the amount of time required to try the case. To this end, counsel shall eliminate all unnecessary witnesses, stipulate to all uncontested facts, and reduce the number of exhibits to a minimum.

5. The joint pretrial stipulation shall include the following information, in separate numbered paragraphs:

(i) A short concise statement of the case by each party in the action.

(ii) With respect to jury trials, a brief joint description of the case which the Court will read to the jury in introducing the case to the jury panel during voir dire examination.

(iii) The basis of federal jurisdiction.

(iv) The pleadings raising the issues.

(v) A list of all pending motions or other matters requiring action by the Court.

(vi) A concise statement of uncontested facts which will require no proof at trial. This is not regarded as a *pro forma* requirement. Counsel shall carefully prepare the joint statement after reviewing all admissions contained in the pleadings and in discovery. The purpose of the statement is to eliminate unnecessary testimony from witnesses on undisputed matters of fact. The statement shall be read to the jury after

opening statements.  When necessary, counsel may be permitted to elicit admitted facts by testimony or to lay a predicate for further testimony.

(vii)   A list of issues of fact, in reasonable detail, which remain to be litigated at trial.  By way of example, reasonable details of issues of fact would include: (a) As to negligence or contributory negligence, the specific acts or omissions relied upon; (b) As to damages, the precise nature and extent of damages claimed; (c) As to unseaworthiness or unsafe condition of a vessel or its equipment, the material facts and circumstances relied upon; (d) As to breach of contract, the specific acts or omissions relied upon.

(viii)  A concise statement of issues of law on which there is agreement.

(ix)   A concise statement of issues of law which remain for determination by the Court.  In the event of a significant disagreement, the parties shall set forth the reason(s) for their disagreement and provide a modified statement of the issue(s) which such party proposes to be tried.

(x)    An exhibit list, including demonstrative and summary exhibits, which identifies with specificity those exhibits which counsel believes in good faith that he or she intends to introduce in their case, excluding impeachment exhibits.  The inclusion of general categories of exhibits such as "all documents produced in discovery," is not sufficiently specific.  To the extent counsel wishes to list other exhibits he or she may introduce in response to the opposing parties' evidence and testimony, such exhibits shall be identified in a separate exhibit list designated as "List of Other Possible Exhibits."  Except for impeachment exhibits, if an exhibit is not listed, it will be excluded, absent a showing of good cause.

**Counsel must carefully note the basis for their objections to any exhibits in accordance with S.D.Fla.L.R. 16.1(e)(9). All objections not noted will be deemed waived. The court will not accept general objections based on matters such as authenticity without an accompanying motion in limine which addresses the basis for such objections. Counsel shall realistically consider their objections and agree on trial exhibits which may be entered into evidence without objection in order to conserve trial time. Any failure to abide by these instructions may result in sanctions.**

**(xi)    A list of those witnesses whom counsel believes in good faith he or she intends to call in their case. A witness not included on a witness list will not be permitted to testify, unless included on the list provided by another party, absent a showing of good cause for the omission. To the extent counsel wishes to list other witnesses who *may* be called in response to the other parties' evidence and testimony, these witnesses shall be identified in a separate witness list designated as "List of Other Possible Witnesses." Counsel shall specify which witnesses he or she intends to call "live" and which witnesses will be presented through the reading of depositions.**

**With respect to the use of depositions, counsel shall estimate the amount of time required to read the deposition testimony. If the time required is more than twenty minutes, counsel should consider presentation of the testimony by video deposition. Proposed deposition testimony must be designated and provided to opposing counsel at the time of the meeting to prepare the pretrial stipulation. Opposing counsel shall provide any cross-designations or objections within ten days thereafter. The party offering the deposition shall be prepared to provide the Court with a marked or redacted copy, which contains all designations and objections, at the time of the Pretrial Conference.**

5

(xii)   A good faith estimation of the amount of trial time necessary to complete each party's respective case, determined after counsel have engaged in an earnest discussion.  Counsel are advised that court shall be in session from 9:00 a.m. to 5:00 p.m., generally with one and one-half hours for lunch, Monday through Friday of each week.  Each counsel shall estimate carefully the time for direct examination of their respective witnesses and also provide an estimate of the amount of time needed for cross-examination, and re-direct examination.

(xiii)   The names, addresses, resumes, and brief summaries of the opinions of all expert witnesses expected to be called at trial.

## Time Schedule

6.   The following time schedule shall govern unless modified by court order after a showing of compelling circumstances.  Absent a court order, a motion to dismiss shall not stay discovery.

|  | DATE | ACTION |
|---|---|---|
| By | N/A | Each party shall exchange lists of all witnesses then believed to have knowledge of the facts supporting the material allegations of the pleading filed by that party, and each party shall exchange all documents then available or subject to its control that they contemplate using as evidence in support of any allegations of the pleading filed by that party. |
| By | N/A | The parties shall file any motions to amend or supplement the pleadings, or join parties.  Prior to filing any non-dispositive motion, counsel for the moving party shall confer, or make reasonable effort to confer, with counsel for the opposing party in a good faith effort to resolve the matter, and shall include in the motion a statement certifying that this has been done. |
| By | N/A | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all **expert** witnesses intended to be called at trial.  Only those expert witnesses listed shall be permitted to testify. |

6

| By | N/A | Plaintiff shall furnish opposing counsel with summaries or reports of all expert witnesses intended to be called at trial. The summaries/reports shall include the information required by Local Rule Fed. R. Civ. P. 26(a)(2): lists of the expert's qualifications to be offered at trial, publications and writings, style of the case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. |
|----|-----|---|
| By | N/A | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial. Only those expert witnesses listed shall be permitted to testify. |
| By | N/A | Defendant shall furnish opposing counsel with summaries or reports of all expert witnesses intended to be called at trial. The summaries/reports shall include the information required by Fed. R. Civ. P. 26(a)(2): lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. |
| By | N/A | Plaintiff shall furnish opposing counsel with a written list containing the names, addresses and summaries/reports of any rebuttal <u>expert</u> witnesses intended to be called at trial. The summaries/reports shall include the information required by Fed. R. Civ. P. 26(a)(2): lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. |
| By | N/A | All non-expert discovery shall be completed. |
| By | N/A | All expert discovery shall be completed. |
| By | 8/29/2016 | The parties shall furnish opposing counsel with a list of names and addresses of all fact witnesses intended to be called at trial, and only those witnesses shall be permitted to testify. |

| | | |
|---|---|---|
| By | 11/14/2016[1] | All dispositive pretrial motions (including motions in limine) and memoranda of law, as well as any motions to exclude or limit proposed expert testimony must be filed.  Any *Daubert/Kumho* motion shall be accompanied by appropriate affidavits. If any party moves to strike an expert affidavit filed in support of a motion for summary judgment [for reasons stated in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999)], the motion to strike shall be filed with that party's responsive memorandum. |
| By | N/A | Mediation shall be completed. |
| By | 11/14/2016 | Pretrial Stipulation.  The joint pretrial stipulation shall be filed pursuant to S.D.Fla.L.R. 16.1(e), and in accordance with paragraph five above.  In conjunction with the joint pretrial stipulation, the parties shall file their motions in *limine*. |
| By | 11/14/2016 | Plaintiff shall file a single, joint set of proposed jury instructions and verdict forms, with a copy provided to the chambers of the undersigned Magistrate by hand-delivery or facsimile.  The joint jury instructions shall include, in the appropriate order, each instruction as to which the parties agree, and each contested instruction proposed by either party.  Following each contested instruction, the opposing party shall state its objection and include a proposed alternative instruction, if one is sought.  Contested jury instructions should include citation of legal authority by each party to support their position, including any applicable regulations contained in the Code of Federal Regulations. |
| January 10, 2017 at 10:00 a.m. | | Pretrial conference |
| January 30, 2017 at 9:00 a.m. | | Specially set <u>jury</u> trial commences and is expected to last 2-3 days. |

### Miscellaneous Matters

7.      A motion for continuance shall not stay the requirement for filing a joint pretrial stipulation and, unless an emergency situation arises, a motion for continuance

---

[1] At the Scheduling Conference, the Court originally set October 10, 2016, as the date that the Parties were to file their pretrial motions, pretrial stipulation and jury instructions.  In consideration of the Parties' request for an extension of those deadlines in the Joint Motion, the undersigned has reset those dates for November 14, 2016.

**will not be considered unless it is filed at least twenty days prior to the scheduled trial date.**

**8. Counsel are reminded that admission to the Bar of this district is a prerequisite to appearing before this court for trial, as provided by the Local Rules of the Southern District of Florida. Counsel who are not members of the Bar of the Southern District of Florida will be permitted to appear for trial if assisted throughout the duration of trial by a member of the Southern District Bar.**

**9. Non-compliance with any provision of this order may subject the offending party to sanctions or dismissal. It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of the case. Failure to file a Joint Pretrial Stipulation on or before the date set forth above shall be grounds for dismissal.**

**DONE AND ORDERED at Miami, Florida, on October 31, 2016.**

_Andrea M. Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**

**All counsel of record**