UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:15-cv-22995-KMW

FRANCISCO JAVIER HERNANDEZ MESA,
and all others similarly situated under 29 U.S.C. §216(b),

Plaintiffs,

v.

LUIS GARCIA LAND SERVICE, CO.,
LUIS E GARCIA,

Defendants.
_____/

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, by and through Undersigned Counsel, moves that this Court grant partial summary judgment, ruling that Individual Defendant Luise E Garcia was Plaintiff's employer, as the term employer is defined by 29 U.S.C. §203(d), and for purposes of liability derivative of the Luis Garcia Land Service, CO.'s, liability as determined at trial, and in support of which states as follows;

## MEMORANDUM OF LAW/ARGUMENT

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure summary judgment;

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Fed.R.Civ.P. 56(c).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991).

Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324. Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *See, Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The fact that Individual Defendant Luis E Garcia (hereinafter "Individual Defendant"), was Plaintiff's employer, as that term is defined by 29 U.S.C. §203(d), is decisively and conclusively established by Mr. Garcia's own deposition testimony. There are no issues of fact left for determination by a jury, as to the Individual Defendant being the Plaintiff's "employer", as the term employer is used in the FLSA.

> "**The FLSA contemplates the imposition of individual liability upon those who control a corporation's day to day functions, including its financial affairs.** *Lamonica v. Safe Hurricane Shutters,* 711 F.3d 1299, 1313 (11th Cir.2013). For a supervisor to qualify as an employer under the FLSA, **he or she must have significant involvement in the day to day operation of the business or have some direct responsibility for the supervision of the employee.** *Id.* Such control can be inferred from the exercise of general supervisory powers or the exercise of control over other employees. *Id.*"

*Aidone v. Nationwide Auto Guard, LLC*, 985 F. Supp. 2d 1346, 1352 (S.D. Fla. 2013) (emphasis added).

> "The Act defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.' " *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir.2011) (quoting 29 U.S.C. § 203(d)). **Based on this broad definition, we have joined the "overwhelming weight of authority" and held that "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."** *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir.1986)"

*Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013)

The Individual Defendant, per his own testimony, exercised day-to-day control over the corporation's functions, its financial affairs, its day-to-day operations, and directly supervised the Plaintiff's work. *See,* Statement of Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment (hereinafter, "SOMF") ¶2, 4, 5, 6 & 7. Which qualifies him as the Plaintiff's employer, as that term is defined in 29 U.S.C. §203(d). *See, supra.*

An employee may have more than one employer for FLSA purposes, hence the Individual Defendant and the Corporate Defendant may be liable for any violation of the FLSA. *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991).

The Individual Defendant is the sole owner of the Corporate Defendant, and had complete control over determining Plaintiff's pay. That means that the Individual Defendant had control over whether the Corporate Defendant violated the FLSA. *See*, SOMF ¶ 1, 4, & 5. Control over whether the company violates the FLSA is determinative of employer status and liability.

> "**…it is consistent with Congress's intent to impose liability upon those who "control[ ] a corporation's financial affairs and can cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA."** *Id.* at 678. A supervisor's ownership interest in the corporation and control over the corporation's day-to-day functions are relevant to this inquiry because they are indicative of the supervisor's role in causing the violation."

*Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313 (11th Cir. 2013) (emphasis added); See also, *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150 (11th Cir. 2008), *Aidone v. Nationwide Auto Guard, LLC*, 985 F. Supp. 2d 1346 (S.D. Fla. 2013), *Heckert v. 2495 McCall Rd. Corp.*, No. 207CV-310FTM-34SPC, 2008 WL 508079, at *2 (M.D. Fla. Feb. 21, 2008) & 29 U.S.C. § 203(d).

Furthermore, the fact that there were additional employees directing, managing and supervising the Plaintiff's work does mean that the Individual Defendant is not an employer under the FLSA. The determinative factor is that the Individual Defendant controlled the purse strings of the company in this case. (*See,* SOMF ¶ 4 & 5 for control over purse strings and wages);

> "The Sixth Circuit noted in *Dole* that, "**To be classified as an employer, it is not required that a party have exclusive control of a corporation's day-to-day functions. The party need only have operational control of *significant aspects* of the corporation's day to day functions.**" *Dole,* 942 F.2d at 966 (internal quotation marks omitted). For that reason the fact that a payroll bookkeeper handled the details of calculating hours, overtime, and commissions did not prevent the president, who actually decided how much the employee compensation would be, from being an employer. *Id.*; *see also Shultz v. Mack Farland & Sons Roofing Co.,* 413 F.2d 1296, 1299–1300 (5th Cir.1969) (finding that the founder, president, and sole investor in two corporations was an employer where he set the management policy for both corporations and exercised authority over the hiring, firing, hours, work assignments, and compensation of supervisory personnel). **Nor did it matter in the *Dole* case that a general manager handled many of the day-to-day problems relating to the operation of the corporation or that branch managers exercised some control over the hours that their employees worked.** *Dole,* **942 F.2d at 966. Because he "was involved in the business operations of the corporation, and he controlled the purse strings of the**

4

> **corporation,"** the Sixth Circuit held the president in *Dole* jointly and severally liable as an employer under the FLSA. *Id.*"

*Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1161–62 (11th Cir. 2008)(emphasis added).

Because the Individual Defendant is an employer within the meaning of 29 U.S.C. §203(d), the Individual Defendant is derivatively liable if the Corporate Defendant is found liable. *See, Rodilla v. TFC-RB, LLC*, 2009 WL 3720892 (S.D. Fla. Nov. 4, 2009).

WHEREFORE; Plaintiff, by and through Undersigned Counsel, moves that this Court grant partial summary judgment, ruling that Individual Defendant Luise E Garcia, was Plaintiff's employer as the term employer is defined by 29 U.S.C. §203(d), and for purposes of liability derivative of the Luis Garcia Land Service, CO.'s, liability as determined at trial.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2016, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized

manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Joshua H. Sheskin*
Joshua H. Sheskin

## SERVICE LIST

*Mesa v. Luis Garcia Land Service, Co., et al.*

S.D. Fla. Case No. 1:15-cv-22995-KMW

| | |
|---|---|
| Joshua H. Sheskin, Esq. | Adi Amit, Esquire |
| Jamie H. Zidell, Esq. | Natalie P. Mescolotto, Esquire |
| J.H. Zidell, P.A. | LUBELL & ROSEN, LLC |
| 300 71st Street | 200 S. Andrews Ave. Suite 900 |
| Suite 605 | Fort Lauderdale, Florida 33301 |
| Miami Beach, FL 33141 | adi@lubellrosen.com |
| jsheskin.jhzidellpa@gmail.com | npm@lubellrosen.com |
| Zabogado@aol.com | *Counsel for Defendants* |
| *Counsel for Plaintiff* | |