UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22995-CIV-SIMONTON

FRANCISCO JAVIER HERNANDEZ MESA,

    Plaintiff,

v.

LUIS GARCIA LAND SERVICE, CO., and LUIS E. GARCIA,

    Defendants.

_____/

### ORDER FINDING LUIS MARTINEZ IN CIVIL CONTEMPT FOLLOWING SHOW CAUSE HEARING

This matter was before the Court for a show cause hearing related to the failure of non-party witness Luis Martinez to appear for his depositions, ECF Nos. [51] [55]. Pursuant to the consent of the Parties, the Honorable Kathleen M. Williams, the United States District Judge assigned to this case, has referred this matter to the undersigned Magistrate Judge to take all necessary and proper action as required by law, through and including trial by jury and entry of final judgment, ECF Nos. [62] [63]. For the following reasons, the undersigned finds Luis Martinez in civil contempt for failing to appear at a deposition pursuant to a properly served subpoena and failing to appear at the show cause hearing regarding his failure to appear at the previously set deposition.

    I.    BACKGROUND

This FLSA action was commenced when Plaintiff Francisco Javier Hernandez Mesa filed a Complaint against Defendants Luis Garcia Land Service, Co., and Luis E. Garcia alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.

On or about April 14, 2016, Plaintiff served deposition subpoenas on six (6) individuals, including Luis Martinez, purportedly with knowledge and information

relevant to this matter. Mr. Martinez was served by personal service at 14601 N.W. 185th St., Miami, Fl 33018. Mr. Martinez, as well as the other witnesses who had been served, failed to appear at their scheduled depositions on April 21, 2016.[1] Plaintiff therefore set this matter for a discovery hearing wherein Plaintiff sought to compel the Defendant to provide accurate contact information as to those witnesses and requested that the Court require those witnesses to appear at their depositions.[2] At the hearing, the undersigned directed to Defendant to provide the Plaintiff with accurate contact information for the non-party witnesses, ECF No. [48].

On May 6, 2016, at a follow up hearing on the matter, and after Counsel for the Defendant provided the correct contact information for the witnesses, Counsel for the Plaintiff confirmed that the contact information that Plaintiff originally had for Luis Martinez was correct and thus Luis Martinez had been properly served with a deposition subpoena at his residence. Based upon that representation, at the hearing, the Court orally ruled, among other things, that Luis Martinez, as well as the other witnesses, were required to appear for their re-noticed depositions or to appear at a show cause hearing on June 3, 2016. The Court cautioned that the failure of any properly served witnesses, including Luis Martinez, to appear at their deposition in compliance with the Court's

---

[1] The other subpoenas served were for Denia Garcia, Keti aka Kety Garcia, Raphael aka Rafael Diaz, Jenielle aka Yeiner Garcia, and Denise Garcia. Ultimately, the other witnesses who were properly served appeared for their depositions and thus are not subject to this Order.

[2] The Parties, however, were unable to provide the Court with sufficient information regarding the identity of the witnesses and their residences in order for the Court to determine whether the Plaintiff had properly served the witnesses with a deposition subpoena. The Court noted that because the witnesses at issue were not Parties to this action, the Court could not order those witnesses to appear at their depositions or for a hearing absent proper service. Accordingly, the Court directed Counsel for the Defendant to provide accurate contact information for the witnesses, who were primarily the relatives of the individual Defendant, to Plaintiff's Counsel, before 5:00 p.m. on May 4, 2016. The Court set the matter for a continued discovery hearing for May 6, 2016, ECF No. [48].

Order could constitute contempt, but further advised that the contempt/show cause hearing would be cancelled as to any individual witness who appeared for his/her deposition on or before June 1, 2016. The Court directed the Plaintiff to serve a Notice of Contempt Hearing on the witnesses and directed the witnesses to appear for their depositions on a date selected by the Plaintiff.  The Court's Order setting the June 3, 2016, show cause hearing was mailed by the Court to Mr. Martinez on May 24, 2016, ECF No. [55].

## II.     EVIDENTIARY HEARING

At the June 3, 2016, hearing on the order to show cause, Counsel for both the Plaintiff and Defendant appeared. Mr. Martinez failed to appear. The Plaintiff therefore moved to have the Court hold Luis Martinez in civil contempt and to compel him to appear for his deposition.

In support of her request, Plaintiff's Counsel, Allyson Morgado, testified, under oath, that a deposition subpoena was initially served on Mr. Martinez on April 13, 2016. The deposition subpoena, which was admitted into evidence as Plaintiff's Exhibit 1, reflects that Mr. Martinez was served at 14601 NW 185th Street, #9, Miami, Fl 33018 on April 14, 2016, for a deposition that was set for April 21, 2016.  Counsel for the Plaintiff testified that on the date of the scheduled deposition, Mr. Martinez failed to appear.

Plaintiff's Counsel explained that when the process server attempted to serve Mr. Martinez a second time, following the May 6, 2016 hearing before the Court, the property, which is located in a trailer park, was chained closed and there were two pit bulls inside the gate. The process server shouted Mr. Martinez's name but was unable to serve him. Counsel for the Plaintiff stated that on May 11, 2016, she then personally mailed the Notice of Taking Deposition, the Notice of Contempt Hearing and the new subpoena for a deposition set for May 23, 2016.  Those documents were entered into evidence as

**Plaintiff's Exhibit 2, ECF No. [59]. The Notice of Contempt Hearing mailed by the Plaintiff advised that the Court would hold a hearing on June 3, 2016 for those individuals that did not appear for their depositions on or before June 1, 2016, ECF No. [53]. In addition, the Notice advised that failure to appear at the deposition or at the show cause hearing could result in a finding of contempt and the issuance of an arrest warrant. Counsel for the Plaintiff testified that Mr. Martinez did not appear for his May 23, 2016 deposition.**

**Counsel for the Plaintiff further testified that the items mailed to Mr. Martinez had not been returned to her office as undeliverable, and noted that Mr. Martinez's address had been provided to her by the Plaintiff, who had been co-workers with Mr. Martinez and knew his address. Counsel additionally testified that the check that accompanied the original subpoena served on Mr. Martinez had not been cashed and had not been returned to Plaintiff's Counsel. Finally, Plaintiff's Counsel testified that she never had any contact with Mr. Martinez, and that she had no knowledge of any reason why he failed to appear.**

**Plaintiff argued that the Court should hold Mr. Martinez in civil contempt for failing to appear at his deposition and for failing to appear in Court for the show cause hearing. Plaintiff further asserted that holding Mr. Martinez in contempt would be the only way to ensure that he would appear for a deposition and argued that the imposition of a fine would likely not ensure his appearance at a deposition because Mr. Martinez had not demonstrated respect for court proceedings.**

**Defendant's Counsel stated that Mr. Martinez no longer works for her client, and that her client had not had any contact with Mr. Martinez.**

### III. FINDING OF FACTS[3]

1.      On April 14, 2016, Luis Martinez was served with a deposition subpoena at his residence at 14601 NW 185th Street, #9, Miami, Fl 33018 for a deposition set by Plaintiff Hernandez Mesa for April 21, 2016, to be held at Plaintiff's Counsel's Office.

2.      Luis Martinez failed to appear for the deposition on April 21, 2016. He did not return or cash the check for the witness fee that accompanied the subpoena.

3.      On May 4 and 6, 2016, hearings were held before the undersigned regarding Martinez's failure to appear for his deposition, wherein the Court ordered the witness to appear for a newly noticed deposition on or before June 1, 2016, ECF No. [55]. The undersigned further ordered that if the witness failed to appear, he would have to appear for a show cause hearing on June 3, 2016, ECF No. [55] at 4.

4.      The Plaintiff was unable to serve Luis Martinez personally with the second deposition subpoena notice.

5.      On May 11, 2016, Plaintiff's Counsel mailed to Mr. Luis Martinez's residence, a Notice of Taking Depositions and a Subpoena for Deposition which set Mr. Martinez's deposition for May 23, 2016. Plaintiff's Counsel also mailed a Notice of Contempt Hearing to Mr. Martinez which stated if the witness did not appear for a deposition on or before June 1, 2016, the Court would hold a hearing on June 3, 2016, which might result in a finding of contempt and the issuance of an arrest warrant.

6.      On May 24, 2016, the Court's written Show Cause Order was mailed to Luis Martinez at 14601 NW 185th Street, #9, Miami, Fl 33018 by the chambers of the undersigned. The Order warned that failure to sit for a deposition prior to June 1, 2016, or

---

[3] The facts are established by the record, the testimony and the Exhibits introduced into evidence at the June 3, 2016 show cause hearing. To the extent that the Findings of Fact incorporate conclusions of law, the undersigned intend them to be treated as such, and vice versa.

to appear at the June 6, 2016, show cause hearing might result in a finding of contempt and the imposition of a fine or sanctions, including the issuance of an arrest warrant.

7. Luis Martinez did not appear for the second deposition and did not appear at the June 3, 2016 show cause hearing.

## IV. LEGAL ANALYSIS AND FINDING OF CONTEMPT

Courts possess inherent power to enforce compliance with their lawful orders through civil contempt. *Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (*citing Shillitani v. United States*, 384 U.S. 364, 370 (1966)). A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order. *S.E.C. v. Greenberg*, 105 F. Supp. 3d 1342 (S.D. Fla. 2015) (citing *CFTC v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992)). A finding of civil contempt must be supported by clear and convincing evidence that: 1) the allegedly violated order was valid and lawful; 2) the order was clear and unambiguous; and, 3) the alleged violator had the ability to comply with the order. *F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (citing *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002)).

When imposing sanctions for civil contempt, a court "ha[s] numerous options, among them: a coercive daily fine, a compensatory fine, attorneys' fees and expenses ... and coercive incarceration." *Citronelle–Mobile Gathering, Inc.*, 943 F.2d at 1304. Coercive incarceration is within the inherent power of the Court, insofar as it depends on the contemnor's ability to comply, thereby purging himself of contempt, and is designed to coerce, rather than punish and therefore the ordinary requirements of due process do not attach. *Shillitani v. United States*, 384 U.S. 364, 369–70 (1966); see also *S.E.C. v. Solow*, 396 Fed. Appx. 635 (11th Cir. 2010) (affirming district court's adjudication of civil contempt and ordering defendant's incarceration until he purged his contempt in

compliance with the court's directive). With civil contempt, "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 844 (1994) (internal quotation omitted). Accordingly, sanctions imposed for civil contempt to coerce compliance "cannot be any greater than necessary to ensure such compliance" and may not be so excessive as to be punitive in nature. *Citronelle–Mobile Gathering, Inc.* 943 F.2d at 1304; *In re Trinity Industries*, 876 F.2d 1485, 1493 (11th Cir. 1989).

      Based upon the evidence presented at the show cause hearing, and a review of the record as a whole, the Court finds by clear and convincing evidence that Luis Martinez violated the Court's clear and unambiguous Order, has failed to explain his reason for that violation, and thus is in civil contempt of Court. In particular, after failing to appear at the first deposition despite being personally served with a deposition subpoena at his residence, Mr. Martinez failed to appear for a second deposition set pursuant to this Court's order. Mr. Martinez failed to appear at that second deposition despite Plaintiff's Counsel mailing a Notice of Taking Depositions and a Deposition Subpoena to Mr. Martinez's residence on May 11, 2016. In addition, Mr. Martinez failed to appear at the June 3, 2016 show cause hearing regarding those depositions despite being mailed a Notice of Contempt Hearing and Order to Show Cause on May 11, 2016 by Plaintiff's Counsel, and being mailed the Order Following Discovery Hearing and Order Setting Show Cause Hearing by the undersigned's chambers on May 24, 2016. The Notice of Contempt Hearing and the Court's Order Setting Show Cause Hearing both made clear that the failure of any witness to appear at a deposition scheduled by the Plaintiff would require that witness to appear before this Court to show cause why that witness did not appear at the deposition, and warned that failure to appear at the hearing or the deposition could result in a finding of contempt, and the imposition of a fine or

sanctions, including the issuance of an arrest warrant.  Thus, Luis Martinez directly violated this Court's Orders by failing to appear for either his deposition or appear at the show cause hearing.  Mr. Martinez has not contacted this Court and has not offered any explanation for his failure to comply with the Court's Orders, and there is no evidence that Mr. Martinez was unable to comply with this Court's Orders or to appear for a hearing.  As of the date of this Order, it appears that Mr. Martinez has also failed to appear for deposition set by Plaintiff's Counsel following the June 3, 2016 show cause hearing.  Accordingly, Mr. Martinez is found to be in civil contempt.

As to the remedy, based upon Mr. Martinez's continued failure to comply with this Court's Orders, the undersigned concludes that the only sanction that is likely to ensure his appearance at a deposition set by Plaintiff is to issue an arrest warrant for Mr. Martinez if he fails to sit for a deposition on or before December 9, 2016. Such an Order is not punitive in nature but is likely to coerce Mr. Martinez's compliance with this Order.

V.      **CONCLUSION**

Accordingly, based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Court finds Luis Martinez of 14601 NW 185th St. #9, Miami ,Fl 33018, in civil contempt for failing to appear for his properly noticed depositions, failing to comply with this Court's Order to Show Cause, and failing to appear at the June 3, 2016 show cause hearing.  Luis Martinez may purge himself of the civil contempt by, on or before November 28, 2016, contacting Plaintiff's Counsel and sitting for a deposition on or before December 9, 2016. If Luis Martinez seeks to purge himself of this civil contempt, he may contact Plaintiff's Counsel, Allyson Morgado at 305-865-6766.  It is further

**ORDERED AND ADJUDGED** that if Luis Martinez fails to purge his civil contempt by sitting for his deposition, the undersigned will issue a warrant for his arrest

and he shall be incarcerated until such time that Luis Martinez sits for his deposition. It is further

ORDERED AND ADJUDGED that Plaintiff's Counsel will serve this Order on Luis Martinez on or before November 22, 2016, and shall file a Certificate of Service with the Court reflecting such service. Plaintiff's Counsel shall file a Notice with the Court regarding the status of the deposition prior to December 9, 2016, and if Mr. Martinez has failed to appear for a deposition, an arrest warrant will be issued without further proceedings.

DONE AND ORDERED at Miami, Florida, this 15th day of November, 2016.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE


**Copies furnished via CM/ECF to:**
All counsel of record


**Copy Mailed via U.S. Mail to:**

Luis Martinez
14601 NW 185th St., #9
Miami, Fl 33018