UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-cv-22995-AMS

[CONSENT CASE]

FRANCISCO JAVIER HERNANDEZ MESA, and all others similarly situated under 29 U.S.C. §216(b),

    Plaintiffs,

v.

LUIS GARCIA LAND SERVICE, CO.,
LUIS E GARCIA,

    Defendants.
_____/

    Pursuant to Fed.R.Civ.P.26(a)(3) and S.D.Fla.L.R. 16.1(e), Plaintiff, Francisco Javier Hernandez Mesa, by and through his undersigned counsel, and Defendants, Luis Garcia Land Service, Co. and Luis E. Garcia, by and through their undersigned counsel, hereby submit their joint pretrial stipulation, and in support thereof, state as follows:

**ELEMENTS REQUIRED BY LOCAL RULE 16.1(b)(2)**

    1.    **A short concise statement of the case prepared by each Party in the action:**

Plaintiff's Statement of the Case:

    Plaintiff brings this claim against all Defendants, jointly and severally, under the Fair Labor Standards Act, regarding failure to pay minimum wage and overtime, along with liquidated damages, fees and costs. Plaintiff was employed as a commercial landscaper by Defendants from on or about March 5, 2007 until October 1, 2014 and alleges to have worked an average of 96 hours a week at $6.88 per hour. Plaintiff claims to have never been paid the extra

1

half time rate for any hours worked over 40 in a week. Plaintiff also claims to not have been paid at the required minimum wage rate during his employment.

Plaintiff further claims that Defendants willfully and intentionally refused to pay Plaintiff's minimum wages and overtime pay as Defendants knew of the overtime and minimum wages requirements under the FLSA and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA.

Defendants' Statement of the Case:

Plaintiff alleges that he is owed overtime and federal minimum wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.* ("FLSA"). Plaintiff alleges that he was employed by the Defendants as a commercial landscaper from on or about March 5, 2007 through on or about October 1, 2014. Plaintiff alleged that he worked an average of 96 hours per week for the Defendants and that he was paid an average of $6.88 per hour and was never paid the half time rate for his hours over 40 each week. Finally, Plaintiff alleges that the individual Defendant, Luis E. Garcia, was also his employer for FLSA purposes.

The Defendants deny that Plaintiff worked the amount of hours he alleges to have worked. The Defendants state that Plaintiff was paid a flat daily rate for every day that he worked and that the rate was sufficient to compensate him at above $7.25/Hour. Further, the Defendants state that Plaintiff did not work more than 40 hours per week.

2. **A statement of the basis for federal subject matter jurisdiction:**

Subject matter jurisdiction is proper under 28 U.S.C. §1331 and 29 U.S.C. § 203(s)(3) under enterprise coverage and therefore no evidence regarding gross annual income or interstate commerce need be introduced at trial.

3. **A list of all pleadings raising the issues:**

2

  a. Plaintiff's Complaint dated August 10, 2015 [DE #1].

  b. Defendants' Answer and Affirmative Defenses to Complaint dated September 2, 2015 [DE #8].

 **4.** **A list of all pending motions:**

  a. Plaintiff's Motion for Partial Summary Judgment DE 75

 **5.** **A joint statement of stipulated facts which will require no proof at trial:**

  a. Plaintiff was employed by Defendant, Luis Garcia Land Service, Co., beginning at March 5, 2007 until October 1, 2014.

  b. Plaintiff was employed by Luis Garcia Land Service, Co. as a commercial landscaper.

  c. While working for Luis Garcia Land Service, Co., Plaintiff was paid $110.00 per day.

  d. Luis E. Garcia is the owner of Luis Garcia Land Service, Co.

 **6.** **A detailed statement of contested facts that remain to be litigated at trial:**

  a. The amount of hours Plaintiff worked every week for Luis Garcia Land Service, Co.

  b. Who controlled the terms of Plaintiff's work while he worked for Luis Garcia Land Service, Co.

  c. Plaintiff's weekly hourly rate as calculated from his daily rate

  d. If there was a failure to pay Plaintiff properly, whether Defendants willfully and intentionally refused to pay Plaintiff minimum wages and overtime.

  e. Whether Defendants failed to keep accurate timekeeping records in accordance with the FLSA.

    **7.**    **A concise statement of issues of law on which there is agreement:**

    a.    Federal Minimum Wage under The FLSA, is $7.25. The FLSA, requires covered employers to pay overtime at time and a half the regular rate for all hours over forty (40) in a workweek.

    b.    However, when an employee is paid by the day, the FLSA requires employers to pay half time the employee's regular rate for hours over forty (40) in a workweek.

    c.    When an employee is paid by the day, the employee's regular rate is calculated by dividing the amount paid to the employee every week by the number of hours worked by the employee that week

> **Commented [JHS1]:** We can put C back in but D is a question of whether it is the number of hours worked or the number of hours intended to be compensated through the salary. Although you are welcome to argue the contrary to the jury.

    .**8.**    **A concise statement of issues of law that remain for determination by the Court:**

    a.    Plaintiff's Motion for Partial Summary Judgment DE 75, Whether the Individual defendant was Plaintiff's employer under the Definition of same in the FLSA

    b.    Should Plaintiff prevail at trial, whether Plaintiff is entitled to liquidated damages.

    **9.**    **Exhibit and Witness Lists:**

    a.    Plaintiffs' Witness List, attached as Exhibit A.

    b.    Defendants' Witness List, attached as Exhibit B.

    c.    Plaintiffs' Exhibit List, attached as Exhibit C.

    d.    Defendants' Exhibit List, attached as Exhibit D.

**10. Length of Trial:**

The Parties estimate that this will be a 3-day jury trial.

**11. Each Party's estimate of the maximum amount of attorneys' fees properly allowable, if any:**

    a.    Plaintiff's attorney's fees are estimated at $90,000.00 through trial and post trial motions.

### CONSENT OF COUNSEL FOR DEFENDANT

Pursuant to Rule 3J (3) of the Administrative Procedures of the United States District Court for the Southern District of Florida, the undersigned counsel for Plaintiff represents to the Court that counsel for Defendants has authorized her to affix his electronic signature to this Joint Scheduling Report.

Respectfully Submitted this __21ST__ day of November, 2016,

| | |
|---|---|
| J.H. Zidell, P.A. | Lubell Rosen |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 300 71st Street, Suite 605 | 900 S Andrews Ave, Ste. 900 |
| Miami Beach, Florida 33141 | Fort Lauderdale, FL 33301 |
| Tel: (305) 865-6766 | 954-880-9500 |
| Fax: (305) 865-7167 | Fax: 954-755-2993 |
| | |
| By: */s/ Joshua H. Sheskin* | By: */s/ Adi Amit* |
| Joshua H. Sheskin | Adi Amit |
| Florida Bar No.: 93028 | Florida Bar No.: 35257 |
| Email: jsheskin.jhzidellpa@gmail.com | Email: adi@lubellrosen.com |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November __21ST__, 2016, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                  /s/ *Joshua H. Sheskin*
                                  Joshua H. Sheskin

### SERVICE LIST

*Mesa v. Luis Garcia Land Service, Co., et al.*
S.D. Fla. Case No. 1:15-cv-22995-AMS

| | |
|---|---|
| Joshua H. Sheskin, Esq.<br>K. David Kelly, Esq.<br>J.H. Zidell, P.A.<br>300 71st Street<br>Suite 605<br>Miami Beach, FL 33141<br>jsheskin.jhzidellpa@gmail.com<br>david.kelly38@rocketmail.com<br>*Counsel for Plaintiff* | Adi Amit, Esquire<br>Natalie P. Mescolotto, Esquire<br>LUBELL & ROSEN, LLC<br>200 S. Andrews Ave. Suite 900<br>Fort Lauderdale, Florida 33301<br>adi@lubellrosen.com<br>npm@lubellrosen.com<br>*Counsel for Defendants* |