UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:15-cv-22995-AMS

[Consent Case]

FRANCISCO JAVIER HERNANDEZ MESA, and all others similarly situated under 29 U.S.C. §216(b),

    Plaintiffs,

v.

LUIS GARCIA LAND SERVICE, CO., LUIS E GARCIA,

    Defendants.

_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO PRESERVE TESTINONY

Come now Defendants, LUIS GARCIA LAND SERVICE, CO. and LUIS E GARCIA, by and through undersigned counsel, and hereby file their Response to Plaintiff's Motion to Preserve Testimony [DE #115], and in support thereof, state as follows:

1. Plaintiff's Motion should be denied because it provides no basis for its need. First, Plaintiff's Motion has failed to demonstrate the need for taking of this deposition, other than through unsupported statements by counsel that Plaintiff perhaps would not be available. In fact, when the Court inquired with Plaintiff's counsel about details concerning this assertion at the telephonic hearing, Plaintiff's counsel could not clearly explain why Plaintiff would not be available other than by stating that she thought that he had signed an "agreement" to self-deport on a particular date. If that is, in fact, true – at a minimum such purported "agreement" should be provided to support this assertion, but nothing has been provided. Without any proof for the need to preserve Plaintiff's testimony, there is simply not even a need for it to be preserved. Plaintiff's

cited case of *Farahmand v. Local Properties, Inc.*, 88 FRD 80 (N.D. Ga. 1980) underscores this analysis. In it, when the motion was made, the Plaintiff was, in fact, stuck in Germany, after her visa was denied mid-trip to the U.S. There was no doubt that she was unavailable. Here, the Plaintiff is in the United States, within the jurisdiction of this Court and is, presumably, available for trial. He has not demonstrated **at all** that he is not or would not be.

2. Second, to the extent Plaintiff's testimony needs to be preserved, it has already been preserved – Plaintiff's deposition was taken on March 7, 2016, where his counsel was present to ask any questions desired. If and when Plaintiff truly becomes "unavailable," his deposition testimony can be used by his attorneys (provided it is admissible under Rule 804(b)(1)). Allowing Plaintiff to take a "second bite at the apple" outside the presence of the jury would only confuse the jury in that it would create two versions of his testimony without allowing the jury to observe his verbal and non-verbal responses and mannerisms. In essence, given that his testimony is already preserved, Plaintiff is simply attempting to correct and fix any mishaps outside the presence of the jury.

3. Based on the above, Plaintiff's preserved testimony, even if allowed, should not even be admissible under Fed. R. Evid. 804(b)(1), because he has not, and would not be able to establish that he is "unavailable" for purposes of the exception to the hearsay rule based on has been presented before the Court. Plaintiff's counsel's vague representations to the Court in Plaintiff's Motion and at the telephonic hearing are an insufficient basis for the Court to determine that Plaintiff is "unavailable." See, e.g. *Baylor v. Jefferson Cty. Bd. of Educ.*, 733 F.2d 1527, 1534 (11th Cir. 1984) (Affirming the District Court's decision to exclude prior deposition transcript when counsel have not proffered any evidence for the witnesses' alleged unavailability for purposes of Fed. R. Evid. 804(b)(1))

WHEREFORE, in the absence of any evidence for Plaintiff's alleged unavailability and because Plaintiff's testimony has already been preserved in the form of his deposition testimony, Defendants respectfully request that the Court enter an Order denying Plaintiff's Motion to Preserve his Testimony.

Respectfully Submitted this 21st day of September, 2017.

        LUBELL & ROSEN, LLC
*Attorneys for Defendants*
200 S. Andrews Ave, Suite 900
Fort Lauderdale, Florida 33301
Phone: (954) 880-9500
Fax: (954) 755-2993
E-mail:    adi@lubellrosen.com

By: */s/ Adi Amit*
    Adi Amit, Esquire
    Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 21, 2017, I electronically filed the foregoing document with the clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Adi Amit*
Adi Amit

## SERVICE LIST

*Mesa v. Luis Garcia Land Service, Co., et al.*
S.D. Fla. Case No. 1:15-cv-22995-AMS

| | |
|---|---|
| Rivkah Jaff, Esq. | Adi Amit, Esquire |
| Jamie H. Zidell, Esq. | Patrick R. Sullivan, Esq. |
| J.H. Zidell, P.A. | LUBELL & ROSEN, LLC |
| 300 71st Street | 200 S. Andrews Avenue |
| Suite 605 | Suite 900 |
| Miami Beach, FL 33141 | Fort Lauderdale, Florida 33301 |
| rivkah.jaff@gmail.com | adi@lubellrosen.com |
| ZABOGADO@AOL.COM | prs@lubellrosen.com |
| *Counsel for Plaintiff* | *Counsel for Defendants* |