UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22995-CIV-SIMONTON

FRANCISCO JAVIER HERNANDEZ MESA,

    Plaintiff,
v.

LUIS GARCIA LAND SERVICE, CO.,
and LUIS E. GARCIA,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter was before the Court for a Pretrial Conference on August 31, 2017. At that time, the undersigned announced her ruling granting Plaintiff's Motion for Partial Summary Judgment, ECF No. [75], which was unopposed. This Order sets forth that ruling and incorporates by reference the reasons stated on the record.

Plaintiff filed a Motion for Partial Summary Judgment seeking to have the Court determine that Individual Defendant Luis E. Garcia was Plaintiff's employer as that term is defined by 29 U.S.C. 203(d), ECF No. [75].[1] In that Motion, the Plaintiff stated that he sought a ruling that derivative liability attaches to the Individual Defendant Luis E. Garcia with respect to the actions of Corporate Defendant Luis Garcia Land Service, Co., a corporation that is solely owned by the Individual Defendant. The Defendants filed a response indicating that that they had no opposition to the Plaintiff's Motion for Partial Summary Judgment, ECF No. [85]. This position was confirmed at the Pretrial Conference.

---

[1] Title 29 U.S.C. § 203(d) provides, "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

The undisputed material facts, as set forth in the Plaintiff's Motion for Partial Summary Judgment reflect that the individual defendant exercised day-to-day control over the corporation's functions and operations and its financial affairs, and directly supervised the Plaintiff's work, although additional employees also directed, managed and supervised the Plaintiff's work. The individual defendant is the sole owner of the corporate defendant, and had complete control over determining the Plaintiff's pay.

Accordingly, at the hearing on the Motion, the undersigned orally ruled that the Individual Defendant Luis E. Garcia would be deemed to be Plaintiff's employer as that term is defined in 29 U.S.C. § 203(d), and would be derivatively liable at trial for the actions of Corporate Defendant Luis Garcia Land Service, Co. with respect to the claims made by the Plaintiff under the FLSA.

Therefore, as orally ruled at the Pretrial Conference and the hearing on the Plaintiff's Motion for Partial Summary Judgment, it is

**ORDERED AND ADJUDGED** Plaintiff's unopposed Motion for Partial Summary Judgment, ECF No. [75] is **GRANTED**. It is established for purposes of trial that individual defendant Luis E. Garcia was Plaintiff's employer as that term is defined under the Fair Labor Standards Act, 29 U.S.C. § 203(d), and is therefore derivatively liable for any wages owed by the corporate defendant, Luis Garcia Land Service Co.

**DONE AND ORDERED** at Miami, Florida, on September 30, 2017.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
All counsel of record