UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22995-CIV-SIMONTON

[CONSENT CASE]

FRANCISCO JAVIER HERNANDEZ MESA )
and all others similarly situated under 29 )
U.S.C. 216(b), )
)
)
        Plaintiff, )
vs. )
)
LUIS GARCIA LAND SERVICE, CO., )
LUIS E GARCIA, )
)
        Defendants. )
_____ )

## PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF WITNESS AT JURY TRIAL

**COMES NOW** the Plaintiff, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and files Plaintiff's Motion to Compel the Production of Witness, RAPHAEL DIAZ, at the upcoming Jury Trial, and in support thereof states as follows:

1. Per the Court's Order [DE131], the Jury Trial is reset to commence on Tuesday, January 16, 2018, at 9:00 a.m., before the Honorable Magistrate Judge Andrea M. Simonton.

2. Plaintiff has made efforts, by and through his process server, to secure the witness, Raphael Diaz, to appear at the upcoming Jury Trial pursuant to Rule 45.[1]

3. Per the deposition transcript of the individual Defendant, who appeared on behalf of himself and as the 30(b)(6) Corporate Representative of the Corporate Defendant, Mr.

---

[1] Plaintiff has been attempting service on said witness since on or about November 18, 2016, as this matter was initially set to commence on January 30, 2017. Plaintiff's attempts have been unsuccessful to date.

1

Diaz was identified as Defendants' manager during the relevant time period who would have knowledge regarding Plaintiff's hours, duties, and other matters germane to Plaintiff's claim. Def. Depo. Trans. P.7, L.8-P.8, L.13; *See also,* Pl. Depo. Trans. P. 51, L.16-24. As such, Mr. Diaz is clearly a "managing agent" of Defendants. *See, Jackson v. Stevens Transp., Inc.*, 3:14-CV-1416-M, 2015 WL 221087 (N.D. Tex. Jan. 15, 2015).

4. Under information and belief, Mr. Diaz is not only still employed by Defendants but also lives on Defendants' property. Plaintiff wishes to call Mr. Diaz as a witness at Trial and is seeking Court intervention to compel his appearance at same.

5. Therefore, Plaintiff respectfully requests entry of an Order compelling Defendants to produce RAPHAEL DIAZ at the Jury Trial in the above-styled matter during Plaintiff's case in chief, during the first three days of Trial.

## MEMORANDUM OF LAW

The question for the Court to consider herein is essentially whether a party may be compelled to attend trial if that party is not subject to being subpoenaed under Rule 45. *See Square D Company v. Breakers Unlimited, Inc., et al.,* Case No.: 07-806-CIV-WTL-JMS [DE345]. As noted in the Practice Commentary of Rule 45:

> Among the parties themselves, there is the general assumption that each will appear at the trial, which relieves Rule 45 of any special concern about that. If it should for any reason become necessary to have a party appear at the trial who it turns out will not appear voluntarily including a person **who is in the control of a party**, which sweeps the corporation under this category as well the court has all the leverage it needs to compel the party's appearance. If the court directs the attendance of the party, disobedience can be compelled with something the seeking party would enjoy even more than the invoking of the contempt penalty, a default judgment against the recalcitrant party. Hence Rule 45 shows title tension when a party is involved. [emphasis added].

2

David D. Siegel, *Practice Commentaries,* C45-16 (contained in 28 U.S.C.A. Federal Rules of Civil Procedure Rules 38-49 (2008). Party seeking examination of witness had burden of proving capacity of person sought to be examined, and where it was not shown that he was either party to action or officer, director or managing agent of party, attendance at deposition examination could be compelled only by issuance of subpoena. *Cleveland v. Palmby*, 75 F.R.D. 654 (W.D. Okla. 1977); *See also,* Fed.R.Civ.P. 30(b)(6); 45(d), 28 U.S.C.A. The Court has the inherent authority that extends beyond the authority provided by the Federal Rules of Civil Procedure. *See, G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.,* 871 F.2d 648, 651 (7th Cir. 1989 (*en banc*) ("recognizing the district court's ability to take action in procedural context may be grounded in 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *See also, Mason v. Texaco, Inc.,* 741 F. Supp. 1472, 1504 (D. Kan. 1990), *aff'd and remanded,* 948 F.2d 1546 (10th Cir. 1991) ("The court does not believe that the limitation of Fed.R.Civ.P. 45(e) applies to this situation, particularly considering defendant's stated intention to call this key witness in any event."); *Halderman v. Pennhurst State Sch. & Hosp.,* 96 F.R.D. 60, 64 (E.D. Pa. 1982) ("However, this Court recognizes that Department heads and similarly high-ranking officials should not ordinarily be compelled to testify unless it has been established that the testimony to be elicited is necessary and relevant and unavailable from a lesser ranking officer. *See Sneaker Circus, Inc. v. Carter,* 457 F.Supp. 771, 794 n. 33 (E.D.N.Y.1978); *United States v. Northside Realty Assoc.,* 324 F.Supp. 287, 293 (N.D.Ga.1971).").

      The Rules do not expressly provide that attendance at trial can be secured only by way of subpoena and the notion that the Court has the inherent authority to order a party's manager, who under information and belief is still currently employed by said party on said party's property,

seems uncontroversial. *Square D Company v. Breakers Unlimited, Inc., et al.,* Case No.: 07-806-CIV-WTL-JMS [DE345, P.3]. The Court should exercise its inherent authority to manage the litigation before it as set forth herein as Mr. Diaz is Defendants' manager and lives on Defendants' premises and, under information and belief, has been avoiding process.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS ENTRY OF AN ORDER COMPELLING DEFENDANTS TO PRODUCE RAPHAEL DIAZ AT THE JURY TRIAL IN THE ABOVE-STYLED MATTER DURING PLAINTIFF'S CASE IN CHIEF, DURING THE FIRST THREE DAYS OF TRIAL.

### CERTIFICATE OF CONFERRAL

The undersigned conferred with Defense Counsel, Adi Amit, Esq., who has advised that Defendants oppose the instant Motion.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 12/22/17 TO:**

**ADI AMIT, ESQ.
LUBELL & ROSEN, LLC
200 S. ANDREWS AVENUE, SUITE 900
FORT LAUDERDALE, FL 33301
PH: 954-755-3425**

**FAX: 954-755-2993**
**EMAIL: ADI@LUBELLROSEN.COM**

**BY:**_____**/s/ Rivkah F. Jaff**_____
          **RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22995-CIV-SIMONTON

[CONSENT CASE]

FRANCISCO JAVIER HERNANDEZ MESA )
and all others similarly situated under 29 )
U.S.C. 216(b), )
)
        Plaintiff, )
vs. )
)
LUIS GARCIA LAND SERVICE, CO., )
LUIS E GARCIA, )
)
        Defendants. )
_____ )

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF WITNESS AT JURY TRIAL**

This matter came on to be heard regarding the Plaintiff's above-described Motion and the Court otherwise being advised in the premises, it is hereby ORDERED AND ADJUDGED that the Plaintiff's Motion is hereby GRANTED and therefore:

1. DEFENDANTS ARE HEREBY COMPELLED TO PRODUCE DEFENDANTS' MANAGER, RAPHAEL DIAZ, AT THE JURY TRIAL IN THE ABOVE-STYLED MATTER DURING PLAINTIFF'S CASE IN CHIEF, DURING THE FIRST THREE DAYS OF TRIAL.

DONE AND ORDERED in Chambers at Miami-Dade, Florida, this _____ day of _____ 2017.

                                                                   _____
                                                                   ANDREA M. SIMONTON
                                                                   UNITED STATES MAGISTRATE JUDGE

Copies to:      Counsel of Record